**IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF IOWA**

| | |
|---|---|
| **CHERRYPICK CAPITAL, LLC**<br><br>**Plaintiff,**<br><br>v.<br><br>**BBT THREE, LLC; SPIRE REAL ESTATE, LLC; SPIRE PROPERTY MANAGEMENT, LLC; BRAD LOWE; LAURAL VILLAGE APARTMENTS, LLC, a/k/a LAUREL VILLAGE APARTMENTS LLC; UNIVERSITY PARK PLACE, LLC; MATTHEW DEBOTH; and CBRE GROUP, INC.,**<br><br>**Defendants.** | Case No. 4:24-cv-00111-RGE-WPK<br><br>**DEFENDANTS, LAURAL VILLAGE APARTMENTS, LLC, UNIVERSITY PARK PLACE, LLC, AND MATTHEW DEBOTH ANSWER TO PLAINTIFF'S COMPLAINT** |

COMES NOW, the Defendants, Laural Village Apartments, LLC ("**Laural**"), University Park Place, LLC ("**University**"), and Matthew DeBoth ("**DeBoth**") (Collectively "**Defendants**"), and by and through Counsel, Billy Mallory, Mallory Law, and by way of their answer to the Plaintiff's Amended Complaint (hereafter "Complaint"), state to the Court the following:

### I.  Parties, Jurisdiction, and Venue

1. Defendants deny the allegations contained in Paragraph 1 of Plaintiff's Complaint for lack of information or knowledge sufficient to form a belief.

1

2. Defendants deny the allegations contained in Paragraph 2 of Plaintiff's Complaint for lack of information or knowledge sufficient to form a belief.

3. Defendants deny the allegations contained in Paragraph 3 of Plaintiff's Complaint for lack of information or knowledge sufficient to form a belief.

4. Defendants deny the allegations contained in Paragraph 4 of Plaintiff's Complaint for lack of information or knowledge sufficient to form a belief.

5. Defendants deny the allegations contained in Paragraph 5 of Plaintiff's Complaint for lack of information or knowledge sufficient to form a belief.

6. Defendants admit the allegation contained in Paragraph 6 of Plaintiff's Complaint.

7. Defendants deny the allegation contained in Paragraph 7 of the Plaintiff's Complaint.

8. Defendants admit the allegation contained in Paragraph 8 of Plaintiff's Complaint.

9. Defendants deny the allegation contained in Paragraph 9 of Plaintiff's Complaint and states that Matthew DeBoth resides in Carroll County, Iowa.

10. Defendants deny the allegations contained in Paragraph 10 of

Plaintiff's Complaint for lack of information or knowledge sufficient to form a belief.

11. Defendants deny the allegations contained in Paragraph 11 of Plaintiff's Complaint for lack of information or knowledge sufficient to form a belief.

12. Defendants deny the allegations contained in Paragraph 12 of Plaintiff's Complaint for lack of information or knowledge sufficient to form a belief.

13. Defendants deny the allegations contained in Paragraph 13 of Plaintiff's Complaint for lack of information or knowledge sufficient to form a belief.

## II.  FACTUAL BACKGROUND

14. Defendants hereby incorporate their answers to Paragraphs 1-13 of Plaintiff's Complaint as though fully set forth herein.

15. Cherrypick and DeBoth admit the allegation contained in Paragraph 15.

16. Defendants admit Exhibit A exists, was signed by the parties as reflected on pages 7 & 8, is attached to the Complaint. The best-evidence rule requires use of Exhibit A to prove the content of that document rather than a characterization by Plaintiff or their attorneys. To the extent the allegations of Paragraph 16 seek to paraphrase or characterize the contents of Exhibit A Defendant admit the allegations to the extent that they are consistent with

Exhibit A and denies the allegations to the extent that they are inconsistent with Exhibit A.

17. Defendants admit Exhibit B exists, was signed by the parties as reflected on pages 7 & 8, and is attached to the Complaint. The best-evidence rule requires use of Exhibit B to prove the content of that document rather than a characterization by Plaintiff or their attorneys. To the extent the allegations of Paragraph 17 seek to paraphrase or characterize the contents of Exhibit B Defendant admit the allegations to the extent that they are consistent with Exhibit B and denies the allegations to the extent that they are inconsistent with Exhibit B.

18. Defendants deny the allegation contained in Paragraph 18.

19. Defendants deny the allegation contained in Paragraph 19.

20. Defendants admit that the earnest money was deposited with CBRE and it is believed that despite attempts to return the earnest money, upon belief it remains with CBRE.

21. Defendants deny the allegations contained in Paragraph 21 of Plaintiff's Complaint for lack of information or knowledge sufficient to form a belief.

22. Defendants deny the allegations contained in Paragraph 22 of Plaintiff's Complaint for lack of information or knowledge sufficient to form a belief.

23. Defendants admit the allegation contained in Paragraph 23 of

Plaintiff's Complaint.

24. Defendants admit Exhibit C exists, was signed by the parties as reflected on pages 1 & 2, and is attached to the Complaint. The best-evidence rule requires use of Exhibit C to prove the content of that document rather than a characterization by Plaintiff or their attorneys. To the extent the allegations of Paragraph 24 seek to paraphrase or characterize the contents of Exhibit C Defendant admit the allegations to the extent that they are consistent with Exhibit C and denies the allegations to the extent that they are inconsistent with Exhibit C.

25. Defendants deny the allegation contained in Paragraph 25 of Plaintiff's Complaint.

26. Defendants deny the allegations contained in Paragraph 26 of Plaintiff's Complaint for lack of information or knowledge sufficient to form a belief.

27. Defendants admit that the sales did not go close, however, deny the remaining allegations contained in Paragraph 27 of Plaintiff's Complaint.

28. Defendants deny the allegation contained in Paragraph 28 of Plaintiff's Complaint.

29. Defendants deny the allegations contained in Paragraph 29 of Plaintiff's Complaint for lack of information or knowledge sufficient to form a belief.

30. Defendants admit the allegations contained in Paragraph 30 of

Plaintiff's Complaint.

31. Defendants deny the allegation contained in Paragraph 31 of Plaintiff's Complaint.

32. Defendants deny the allegation contained in Paragraph 32 of Plaintiff's Complaint.

33. Defendants deny the allegation contained in Paragraph 33 of Plaintiff's Complaint.

34. Defendants deny the allegation contained in Paragraph 34 of Plaintiff's Complaint.

35. Defendants deny the allegations contained in Paragraph 35 of Plaintiff's Complaint for lack of information or knowledge sufficient to form a belief.

36. Defendants deny the allegations contained in Paragraph 36 of Plaintiff's Complaint for lack of information or knowledge sufficient to form a belief.

### III. FIRST CLAIM FOR RELIEF – SPECIFIC PERFORMANCE (AGAINST BBT, LAURAL, AND UNIVERSITY)

37. Defendants hereby incorporate their answers to Paragraphs 1-36 of Plaintiff's Complaint as though fully set forth herein.

38. Defendants admit that they entered into a purchase agreement with Plaintiff and denies all other allegations contained in Paragraph 38.

39. Defendants deny the allegation contained in Paragraph 39 of

Plaintiff's Complaint.

40. Defendants deny the allegation contained in Paragraph 40 of Plaintiff's Complaint.

41. Defendants deny the allegations contained in Paragraph 41 of Plaintiff's Complaint for lack of information or knowledge sufficient to form a belief.

### IV.   SECOND CLAIM FOR RELIEF – BREACH OF CONTRACT (AGAINST DEBOTH, LAURAL, AND UNIVERSITY)

42. Defendants hereby incorporate their answers to Paragraphs 1-41 of Plaintiff's Complaint as though fully set forth herein.

43. Defendants admit that they entered into a purchase agreement with Plaintiff and denies all other allegations contained in Paragraph 43.

44. Defendants deny the allegation contained in Paragraph 44 of Plaintiff's Complaint.

45. Defendants deny the allegation contained in Paragraph 45 of Plaintiff's Complaint.

46. Defendants deny the allegation contained in Paragraph 46 of Plaintiff's Complaint.

47. Defendants deny the allegation contained in Paragraph 47 of Plaintiff's Complaint.

48. Defendants deny the allegation contained in Paragraph 48 of Plaintiff's Complaint.

V. **THIRD CLAIM FOR RELIEF – INTENTIONAL INTERFERENCE WITH AN EXISTING CONTRACT (AGAINST BBT LOWE, SPIRE RE, AND SPIRE PM)**

49. Defendants hereby incorporate their answers to Paragraphs 1-48 of Plaintiff's Complaint as though fully set forth herein.

50 – 54. Defendants state that no response is required of Defendants Deboth, Laural, and University as Plaintiff's Third Claim is asserted against Defendant BBT, LOWE, SPIRE RE, AND SPIRE PM only.

VI. **FOURTH CLAIM FOR RELIEF – PROFESSIONAL NEGLIGENCE (AGAINST CBRE)**

55. Defendants hereby incorporate their answers to Paragraphs 1-54 of Plaintiff's Complaint as though fully set forth herein.

56-64. Defendants state that no response is required of Defendants Deboth, Laural, and University as Plaintiff's Third Claim is asserted against Defendant CBRE only.

VII. **FIFTH CLAIM FOR RELIEF – CIVIL CONSPIRACY (AGAINST BBT, SPIRE RE, SPIRE PM, LOWE, UNIVERSITY, LAURAL, AND DEBOTH)**

65. Defendants hereby incorporate their answers to Paragraphs 1-64 of Plaintiff's Complaint as though fully set forth herein.

66. Defendants deny the allegation contained in Paragraph 66 of Plaintiff's Complaint.

67. Defendants deny the allegation contained in Paragraph 67 of Plaintiff's Complaint.

68. Defendants deny the allegation contained in Paragraph 68 of

Plaintiff's Complaint.

## VIII. DAMAGES

69. Defendants deny the allegation contained in Paragraph 69 of Plaintiff's Complaint.

70. Defendants deny the allegation contained in Paragraph 70 of Plaintiff's Complaint.

71. Defendants deny the allegation contained in Paragraph 71 of Plaintiff's Complaint.

WHEREFORE, Defendants pray that the Court dismiss the Plaintiff's Amended Complaint, assess costs, expenses and attorney fees against the Plaintiff, and for such further and other relief as the Court deems just and equitable in the premises.

## JURY DEMAND

Defendants Matthew DeBoth, Laural Village Apartments, LLC and University Park Place, LLC hereby demands trial by jury on all counts allowed under law.

## AFFIRMATIVE DEFENSES

1. The Amended Complaint fails to state a claim upon which relief can be granted.

2. Plaintiff breached the Agreement/Contract first and any alleged breach by Defendants is excused.

3. Plaintiffs' claims against Defendants Laural and University are barred by the doctrine of impossibility.

4. Plaintiff comes to Court with unclean hands.

5. Defendants' actions or inactions did not cause damage to Plaintiff.

6. Plaintiff failed to mitigate its damages.

7. Plaintiff's damages are a result of the actions of Plaintiff and/or another party and not a result of the actions of Defendants.

        Respectfully submitted,

        MALLORY LAW

    By:  /s/ Billy J. Mallory
        Billy J. Mallory (AT0004934)
        5550 Wild Rose Lane, Suite 400
        West Des Moines, Iowa 50266
        Telephone: (515) 207-2365
        Email: billy@mallorylawiowa.com
        CC Email: kennedy@mallorylawiowa.com
        ATTORNEY FOR DEFENDANTS LAURAL, UNIVERSITY, and DEBOTH

E-filed.

> **NOTICE OF ELECTRONIC FILING**
>
> Notice of Electronic Filing is sent through the electronic document management system to all registered filers for the within case. A review of the filers in this matter indicates that all necessary parties have been or will be served. Any unregistered filer will be served with a paper copy and so noted in a Certificate of Service.
>
> By:   /s/ Kennedy Anderson