IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| CHERRYPICK CAPITAL, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>BBT THREE, LLC; SPIRE REAL ESTATE, LLC; SPIRE PROPERTY MANAGEMENT, LLC; BRAD LOWE; LAURAL VILLAGE APARTMENTS, LLC, a/k/a LAUREL VILLAGE APARTMENTS LLC; UNIVERSITY PARK PLACE, LLC; MATTHEW DEBOTH; and CBRE GROUP, INC.,<br><br>    Defendants. | No. 4:24-cv-00111-RGE-WPK<br><br>ORDER TO SHOW CAUSE |

Plaintiff Cherrypick Capital, LLC commenced this action against Defendants BBT Three, LLC; Spire Real Estate, LLC; Spire Property Management, LLC; Brad Lowe; Laural Village Apartments, LLC, a/k/a Laurel Village Apartments LLC; University Park Place, LLC; Matthew DeBoth; and CBRE Group, Inc., raising state law claims of specific performance, breach of contract, interference with existing contracts, professional negligence, and civil conspiracy. Compl. ¶¶ 37–68, ECF No. 1. Cherrypick Capital alleges the Court has subject matter jurisdiction under 28 U.S.C. § 1332. *Id.* ¶ 11. It is unclear whether complete diversity exists among the parties to the litigation.

"The federal courts are courts of limited, not general, jurisdiction." *Thomas v. Basham*, 931 F.2d 521, 522 (8th Cir. 1991). For this reason, every federal "court has a special obligation to consider whether it has subject matter jurisdiction in every case." *Hart v. United States*, 630 F.3d 1085, 1089 (8th Cir. 2011). The Court may address jurisdictional issues *sua sponte* where the

parties do not raise these issues. *Thomas*, 931 F.2d at 523.

For diversity jurisdiction to exist, there must be complete diversity of citizenship between defendants and plaintiffs. 28 U.S.C. § 1332(a). "Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." *OnePoint Sols., L.L.C. v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007). To establish complete diversity of citizenship, "the pleadings . . . must set forth with specificity the citizenship of the parties." *Barclay Square Properties v. Midwest Fed. Sav. & Loan Ass'n of Minneapolis*, 893 F.2d 968, 969 (8th Cir. 1990). To adequately allege the citizenship of a limited liability company, the complaint must plead the citizenship of each of its members. *E3 Biofuels, LLC v. Biothane, LLC*, 781 F.3d 972, 975 (8th Cir. 2015).

Cherrypick Capital alleges Laural Village Apartments and University Park Place are limited liability companies organized under the laws of Iowa with their principal place of business in Iowa. *Id.* ¶¶ 6–8. Cherrypick further alleges DeBoth—an individual residing in Iowa—is the sole member of both Laural Village Apartments and University Park Place. *Id.* at ¶ 9. However, Cherrypick Capital provides no information as to DeBoth's citizenship. *See generally* ECF No. 1.; *see also Reece v. Bank of New York Mellon*, 760 F.3d 771, 776–79 (8th Cir. 2014) (holding that an allegation of the state where a party is a resident is insufficient to establish diversity jurisdiction).

Similarly, Cherrypick Capital alleges Lowe "resid[es]" in Iowa. ECF No. 1 ¶ 5. However, Cherrypick Capital provides no information as to Lowe's citizenship. *See generally* ECF No. 1.; *see also Reece*, 760 F.3d at 776–79.

Cherrypick Capital, as the party "attempting to invoke diversity jurisdiction," has the "burden to plead the citizenship of the parties." *Walker by Walker v. Norwest Corp.*, 108 F.3d 158, 161 (8th Cir. 1997). As a result, Cherrypick Capital must show cause why the parties are

diverse in this action. Cherrypick Capital shall submit this information to the Court within fourteen days from the date of this Order. Failure to file a response may result in sanctions by the Court, up to and including dismissal.

**IT IS SO ORDERED.**

Dated this 6th day of May, 2024.

REBECCA GOODGAME EBINGER
UNITED STATES DISTRICT JUDGE